**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANICETO QUINONEZ-ROS,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 24-2990

Agency No.
A200-626-637

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 23, 2026
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Aniceto Quinonez-Ros, a native and citizen of Guatemala, petitions for

review of: (1) the Board of Immigration Appeals' ("BIA") decision upholding the

Immigration Judge's denial of withholding of removal and protection under the

Convention Against Torture ("CAT"); and (2) the BIA's decision denying his

motion to reopen and request to remand or terminate proceedings. "We review for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

substantial evidence factual findings underlying the BIA's" denials of withholding of removal and CAT relief. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We review for abuse of discretion the BIA's denial of a motion to reopen or remand. *Sarkar v. Garland*, 39 F.4th 611, 621 (9th Cir. 2022); *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We deny the petition in part and vacate and remand in part.

1.  Substantial evidence supports the agency's denial of withholding of removal based on Quinonez-Ros's failure to show a nexus to his proposed particular social groups ("PSG"). *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (setting forth the nexus standard). Specifically, Quinonez-Ros testified that Arturo Quinonez ("Arturo") threatened and targeted him because he (1) witnessed Arturo commit a crime; and (2) was the "perfect" age to sell drugs— reasons that do not pertain to Quinonez-Ros's alleged membership in any of his proposed PSGs given the dearth of evidence connecting Arturo to any gangs in Guatemala. Further, contrary to Quinonez-Ros's contention, the BIA's decision is sufficient for appellate review. *See Magana-Magana v. Bondi*, 129 F.4th 557, 573 (9th Cir. 2025) (noting that the BIA "does not have to write an exegesis on every contention" (citation omitted)).

2.  Substantial evidence also supports the agency's denial of CAT protection.

The record does not compel the conclusion that Quinonez-Ros would more likely than not be tortured by or with the acquiescence of the Guatemalan government. *See Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022) (stating that "a general ineffectiveness on the government's part to investigate and prevent crime" does not suffice to show acquiescence (citation omitted)). And although Quinonez-Ros testified that there is no police presence in his hometown, he did not show that he would be unable to relocate within Guatemala or report Arturo to authorities outside his hometown.

3. The BIA did not abuse its discretion by denying Quinonez-Ros's motion to reopen based on ineffective assistance of counsel. Quinonez-Ros alleged that his prior counsel was ineffective because he failed to (1) apply for cancellation of removal following *Pereira v. Sessions*, 585 U.S. 198 (2018); and (2) allege Quinonez-Ros's indigenous race as a basis for withholding of removal and CAT protection. To show ineffective assistance of counsel, "the petitioner must demonstrate that counsel's conduct was 'egregious,' in that it rendered the proceeding 'so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case.'" *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (citations omitted). The BIA did not abuse its discretion in determining that Quinonez-Ros's prior counsel's conduct did not meet this high standard.

24-2990

4. The BIA did not abuse its discretion by denying Quinonez-Ros's request to permit him to withdraw or amend his prior pleadings in light of *Matter of Fernandes*, 28 I. & N. Dec. 605 (BIA 2022). "Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission." *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986). To show "egregious circumstances," the applicant must: (1) demonstrate the admission caused an unjust result such as an inadvertent admission; (2) offer evidence that the attorney admission was untrue or incorrect; or (3) establish the admission was the result of unreasonable professional judgment. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831-32 (9th Cir. 2011) (citing *Velasquez*, 19 I. & N. Dec. at 383). The BIA did not abuse its discretion in determining that Quinonez-Ros failed to demonstrate that his former counsel's admission that the Notice to Appear ("NTA") was properly served constituted "egregious circumstances" since Quinonez-Ros was present at his hearings before the IJ and never asserted that he was not removable from the United States. *See Matter of Lopez-Ticas*, 29 I. & N. Dec. 90, 93 (BIA 2025) ("The lack of time and place information on the [NTA] does not render untrue or incorrect a [noncitizen's] admission to the factual allegations or invalidate the charges of removability in the [NTA] and therefore is not a proper basis for granting a [noncitizen's] motion to withdraw pleadings.").

5. We previously remanded to the BIA to consider whether Quinonez-Ros was eligible for cancellation of removal in light of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). On remand, the BIA determined that Quinonez-Ros had not shown a reasonable likelihood that he would be able to establish that the hardship to his U.S.-citizen daughter, if he were removed to Guatemala, would rise to the "exceptional and extremely unusual" standard. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005-06 (9th Cir. 2025) (quoting 8 U.S.C. § 1229b(b)(1)(D)). However, our prior remand order may have been unclear as to whether Quinonez-Ros could provide additional evidence regarding hardship. Therefore, we remand to allow Quinonez-Ros the opportunity to further develop the record regarding whether Quinonez-Ros is eligible for cancellation of removal.[1]

**DENIED IN PART; VACATED AND REMANDED IN PART**.[2]

---

[1] According to the Government, Quinonez-Ros's counsel improperly asserted for the first time at oral argument that this court's "remand order placed only the issue of continuous physical presence before the Board (thus necessitating further remand if the requirement was met)." However, we construe the arguments in Quinonez-Ros's opening brief about the BIA allegedly conducting impermissible factfinding as it relates to his eligibility for cancellation of removal as an indication that our remand order was not clear. As such, we reject the Government's contention.

[2] The motion for stay of removal, Dkt. No. 17, is granted.

24-2990